**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114182

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ryan Albino,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Client Services, Inc.,<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Ryan Albino (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Client Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.　At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Ryan Albino is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Client Services, Inc., is a Missouri Corporation with a principal place of business in Saint Charles County, Missouri.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 4, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. One such requirement is that the debt collector provides "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

21. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

22. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

24. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

25. The Letter fails to identify by name and label any entity as "creditor," "original creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

26. The Letter states, "Re: Chase Bank USA, N.A."

27. The Letter states, "The above account has been placed with our organization for collections."

28. The Letter fails to indicate whether the "Re:" refers to the account owner.

29. The Letter fails to indicate whether the "Re:" refers to Plaintiff's creditor.

30. The Letter fails to indicate whether the "Re:" refers to Plaintiff's current creditor.

31. The Letter fails to indicate whether the "Re:" refers to Plaintiff's original creditor.

32. The Letter fails to indicate whether the "Re:" refers to the creditor to whom the debt is owed.

33. The Letter fails to indicate who placed the account with Defendant.

34. The Letter fails to indicate who Defendant represents.

35. The Letter fails to indicate who is Defendant's client.

36. The Letter demands payment be made to Client Services, Inc.

37. Defendant failed to explicitly state the name of the creditor to whom the debt is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

owed.

38. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

39. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

40. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

41. Defendant violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the <u>Creditor to Whom the Debt is Owed</u>

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

45. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

46. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

47. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

48. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

49. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

50. Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

51. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

52. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

53. The least sophisticated consumer would likely be deceived by the Letter.

54. The least sophisticated consumer would likely be deceived in a material way by the Letter.

55. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

56. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

DATED: September 6, 2018

                                      **BARSHAY SANDERS, PLLC**

                                      By:  /s/ *Craig B. Sanders* _____
                                      Craig B. Sanders, Esq.
                                      100 Garden City Plaza, Suite 500
                                      Garden City, New York 11530
                                      Tel: (516) 203-7600
                                      Fax: (516) 706-5055
                                      csanders@barshaysanders.com
                                      *Attorneys for Plaintiff*
                                      Our File No.: 114182

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530